Terrance J. Slominski, OSB# 81376
David W. Venables, OSB#081291
7150 SW Hampton, Suite 201
Tigard, OR 97223
Telephone    (503) 968-2505
Facsimile    (503) 684-7950
Email        tjslominski@yahoo.com
Email:       venables.slominski.law@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| DUSTIN R. RINEHART AND STACEY RINEHART<br><br>                  Plaintiffs,<br><br>     v.<br><br>ONEWEST BANK, FSB, a California headquartered federal savings bank, REGIONAL TRUSTEE SERVICES CORPORATION, a Washington corporation, FEDERAL NATIONAL MORTGAGE ASSOCIATION INC., a Delaware Corporation.<br>                  Defendants. | No. 6:10-cv-06331-AA<br><br>FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF, AND WRONGFUL FORECLOSURE<br><br>(JURY TRIAL DEMANDED) |

For their Complaint, Plaintiffs allege:

**JURISDICTION AND VENUE**

1.   This is an action for Declaratory Relief to set aside the sale of Plaintiffs' home and for breach of contract. Jurisdiction is under diversity, 28 USC §1332.

2.   The matter in controversy exceeds $75,000.

3.   The conduct of Defendants occurred within the state of Oregon.

Page 1 -    **FIRST AMENDED COMPLAINT**

## PARTIES

4. Plaintiffs are residents of Lane County, State of Oregon.

5. Defendant Federal National Mortgage Association is a Delaware corporation and government sponsored enterprise and, information and belief, claims an interest in the property as record owners.

6. Defendant Regional Trustee Services Corporation is a Washington corporation doing business within the state of Oregon as a foreclosing trustee and debt collector.

7. Defendant OneWest Bank, FSB, operating as IndyMac Mortgage Services (IndyMac), is a Federal Savings Bank doing business within the state of Oregon as a mortgage lender and servicer.

## FACTUAL ALLEGATIONS

8. On or about December 12, 2006, Plaintiffs, as Grantors, gave a note to IndyMac Bank, F.S.B, along with a Deed of Trust securing the note with Plaintiffs' home and property located at 26947 Petzold Rd. Eugene, Oregon 97402 with the following legal description:

COMMENCING AT THE SOUTHWEST CORNER OF THE NICHOLAS FEKIVERT DONATION LAND CLAIM NO. 55, IN TOWNSHIP 18 SOUTH, RANGE 5 WEST, WILLAMETTE MERIDIAN; THENCE ALONG THE WEST LINE OF DONATION LAND CLAIM NO. 55, NORTH 0° 01' 37" WEST, A DISTANCE OF 2011.02 FEET; THENCE NORTH 89° 58' 23" WEST, A DISTANCE OF 1115.87 FEET TO A 5/8 INCH IRON ROD; THENCE SOUTH 0° 01' 37" EAST, A DISTANCE OF 444.76 FEET TO A 5/8 INCH REBAR AND THE TRUE POINT OF BEGINNING; THENCE NORTH 81° 24' 41" EAST A DISTANCE OF 120.45 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 18° 56' 34" EAST A DISTANCE OF 64.47 FEET TO A 5/8 INCH REBAR; THENCE NORTH 85° 58' 15" EAST A DISTANCE OF 38.80 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 50° 52' 17" EAST A DISTANCE OF 38.91 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 42° 23' 19" WEST A DISTANCE OF 72.94 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 7° 17' 46" EAST A DISTANCE OF 260.13 FEET TO A 5/8 INCH REBAR; THENCE NORTH 73° 38' 39" EAST A DISTANCE OF 17.44 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 33° 14' 58" EAST A DISTANCE OF 15.34 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 49° 46' 41" WEST A DISTANCE OF 28.35 FEET TO A 5/8 INCH REBAR; THENCE SOUTH 40 24' 03" EAST A DISTANCE OF 241.01 FEET TO A 5/8 INCH REBAR ON THE NORTHERLY MARGIN OF COUNTY ROAD NO. 1182 (PETZOLD ROAD); THENCE ALONG THE NORTHERLY MARGIN OF COUNTY ROAD NO. 1182, SOUTH 66° 17' 27" WEST A DISTANCE OF 234.19 FEET TO A 5/8 INCH IRON ROD; THENCE LEAVING THE NORTHERLY MARGIN OF COUNTY ROAD NO. 1182, NORTH 0° 01' 37" WEST A DISTANCE OF 737.42 FEET TO THE TRUE POINT

Page 2 -    FIRST AMENDED COMPLAINT

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

OF BEGINNING, ALL IN LANE COUNTY, OREGON.

9. The Deed of Trust recites that the lender is IndyMac Bank, F.S.B., the trustee is First American Title Insurance Company, the borrowers are the Plaintiffs in this action and also names Mortgage Electronic Registration Systems, Inc. as the nominee for IndyMac Bank, F.S.B as the beneficiary.

10. The Deed of Trust recites that the it secures to Lender the repayment of the Loan.

11. On or about September 2009, Plaintiffs contacted IndyMac about getting a modification. Plaintiffs sent in a profit and loss statement along with all of the other information requested. Plaintiff followed up by telephone approximately every three weeks and sent in required information by fax as needed. The modification was denied in November 2009 for unknown reasons.

12. On or about October 8, 2009, a Substitution of Trustee was recorded purporting to substitute Defendant Regional Trustee Services Corporation as successor trustee. The document was signed by Brian Burnett, who purported to be an authorized signatory for OneWest Bank, FSB.

13. On or about October 9, 2009, IndyMac F.S.B. filed and Assignment of Deed of Trust in the Lane county records to Defendant OneWest Bank, F.S.B. The document was also signed by Brian Burnett, who purported to be an authorized signatory for Mortgage Electronic Registration Systems, Inc. as nominee for IndyMac, FSB

14. On or about January 6, 2010, Regional Trustee Services Corporation recorded a Notice of Default and Election to Sell.

15. On or about April 2010, Plaintiffs sent in a new modification application and documents to IndyMac. Plaintiffs monitored the modification process online and updated information to IndyMac to ensure that the application was current.

16. On or about April 15, 2010, Plaintiffs received a Notice of Sale indicating that IndyMac and Regional planned to sell Plaintiffs' house on August 16, 2010 by trustee sale.

17. On or about August 14, 2010, Plaintiffs called IndyMac and were told that sale had

Page 3 -   **FIRST AMENDED COMPLAINT**

been put on hold and there was no sale date set at that time due to pending modification approval

18. Shortly after August 14, Plaintiff Dustin Rinehart continued to call IndyMac to determine whether any additional information was needed for the modification. IndyMac's representative stated that the modification application was current except for a more recent pay stub and an updated "Request for tax info" paper. Plaintiffs promptly sent in those items by fax. Plaintiff was instructed to wait 72 hrs before checking back.

19. Plaintiff Dustin Rinehart called IndyMac at the end of August to check on the status of the loan modification application and was told by a representative of IndyMac that there was no scheduled sale date.

20. Plaintiffs continued to monitor the status of the modification on IndyMac's website. The website did not indicate any more problems with the application or that there was a pending foreclosure.

21. Plaintiffs relied on IndyMac's representations that there was no pending foreclosure to their detriment and forewent other remedies that might have been pursued to save their home, such as restructuring their debt under the bankruptcy code, attempting to cure the arrears, or selling their home.

22. IndyMac knew that their representation to Plaintiffs regarding the status of the foreclosure would induce Plaintiffs to wait for the loan modification to be processed and to not take further action.

23. On September 16, 2010, without further notice to Plaintiffs, Defendant Regional Trustee Services attempted to sell Plaintiffs' property via trustee sale. The Trustee's Deed states that Defendant Federal National Mortgage Association was the successful bidder for the property.

24. Plaintiff Dustin Rinehart continued to monitor the IndyMac website for information about the modification application  The automated system on IndyMac's website indicated that more documents were needed, even after September 16, 2010.

Page 4 -   **FIRST AMENDED COMPLAINT**

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

### Count I - Promissory Estoppel

### (Against OneWest Bank)

25. Plaintiffs reallege paragraphs 1-24 above.

26. Plaintiffs relied on IndyMac's representations in paragraphs 17-20 to their detriment and forewent other remedies that might have been pursued to save their home, such as attempting to cure the arrears, restructuring their debt under the bankruptcy code, or pursuing other strategies to deal with their default, such as selling their home.

27. Plaintiffs changed their position in reliance on IndyMac's representations to their detriment by not pursuing other strategies to deal with their default and to avoid foreclosure.

28. IndyMac knew that representations to Plaintiffs regarding the status of the modification and foreclosure would induce Plaintiffs to wait for the modification to be processed and to not make attempts to cure arrears or pursue other strategies to avoid the foreclosure

29. Plaintiffs have been damaged by the loss of their home, worth approximately $360,000.

### Count II

### (Against OneWest Bank and Regional Trustee Services)

30. Plaintiffs reallege paragraphs 1-24 above.

31. The Deed of Trust provides that lender "May invoke the power of sale and any other remedies permitted by Applicable Law."

32. Defendants breached their duty to Plaintiffs by ignoring the Oregon Trust Deed Act and the terms of the Deed of Trust.

33. Defendants knew that if they wrongfully instituted foreclosure on Plaintiffs' home that Plaintiffs' would suffer damages their reputation as well as emotional distress. Plaintiffs have suffered damage to their reputation in an amount not less than

Page 5 -    **FIRST AMENDED COMPLAINT**

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

$50,000.  They has suffered emotional distress in the form of anger, frustration, embarrassment and humiliation in an amount not less than $50,000.

34. Plaintiffs are entitled to recover their attorneys fees incurred in this case pursuant to the terms of the Deed of Trust and ORS 20.096.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF
## (Against ALL Defendants)

35. Plaintiffs reallege paragraphs 1-34 herein.

36. A judicable controversy exists and the court should determine the rights of the parties by declaring the Trustee Sale of September 16, 2010 as void.

37. Plaintiffs are entitled to recover their actual attorneys fees incurred in this action pursuant to the terms of the Deed of Trust.

38. Plaintiffs contend that the foreclosure sale held on September 16, 2010 was invalid for the following reasons which, independently of each other, would invalidate the sale:

A. The mortgage is not a Deed of Trust in compliance with ORS 86.705 - 86.795 and may not be foreclosed by a non-judicial foreclosure because it purports to name MERS as a beneficiary in addition to the lender who was the facial and factual beneficiary under the loan secured by the mortgage.

B. On information and belief, there were under-the-table assignments of beneficial interest which were not recorded in the county records before the trustee sale as required by ORS 86.735.

C. The Substitution of Trustee appointing Regional Trustee Services, who foreclosed the property, is invalid, having been signed not by the actual beneficiary, but by someone purporting to sign on behalf of MERS.

D. OneWest Bank, having told Plaintiffs that there was no pending foreclosure date and that they were processing a modification, is estopped from foreclosing without providing adequate notice to Plaintiffs.

Page 6 -   **FIRST AMENDED COMPLAINT**

## THIRD CLAIM FOR RELIEF

## WRONGFUL FORECLOSURE

### (Against OneWest Bank and Regional Trustee Services)

39. Plaintiffs reallege paragraphs 1-34.

40. At the time the Defendants exercised the power of sale, no breach of condition or performance by Plaintiffs existed which would have authorized the foreclosure. Alternatively, any breach or non-performance by Plaintiffs was excused by Defendants' own performance, promises and representations as alleged above.

41. Defendants knew that if they wrongfully foreclosed Plaintiffs' home that Plaintiffs would suffer damages to their reputation, as well as emotional distress. Plaintiffs have suffered damage to their reputation in an amount not less than $50,000 and have suffered emotional distress in the form of anger, frustration, embarrassment and humiliation in an amount not less than $50,000.

42. Additionally, Plaintiffs have been damaged by the loss of their home, worth approximately $360,000.

43. **DEMAND FOR JURY TRIAL:** Plaintiffs demand a jury trial.

///

///

///

///

///

///

///

///

///

///

///

///

Page 7 -    FIRST AMENDED COMPLAINT

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

**WHEREFORE, Plaintiffs pray for a Judgment as follows:**

    1. First Claim for Relief:

        A.    Damages in the amount of $360,000.

        B.    Plaintiffs' attorney fees and costs and disbursements incurred herein.

    2. Second Claim for Relief:

        A.    A judgment declaring that Plaintiffs are the owners of 26947 Petzold Rd. Eugene, Oregon 97402 and that the Trustee's Sale held on September 16, 2010 is void.

    3. Third Claim for Relief

        A.    Reputation damages in the amount of $50,000 and emotional distress damages in the amount of $50,000.

        B.    Damages in the amount of $360,000.

    4. Such other equitable relief that the court deems proper.

DATED this 13th day of October, 2010

        /s/ Terrance J. Slominski
        Terrance J. Slominski, OSB# 81376
        Slominski and Associates
        Attorney for Plaintiffs
        7150 SW Hampton St. Ste 201
        Tigard, OR 97223
        Trial Attorney: Same

Page 8 -    FIRST AMENDED COMPLAINT

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505