FILED'11 APR 01 11:03 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUSTIN R. RINEHART AND
STACEY RINEHART,

        Plaintiffs,

   v.

ONEWEST BANK, FSB, a
California headquartered
federal savings bank,
REGIONAL TRUSTEE SERVICES
CORPORATION, a Washington
corporation, FEDERAL NATIONAL
MORTGAGE ASSOCIATION INC.,
a Delaware corporation,

        Defendants.

Civ. No. 10-6331-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiffs brought suit alleging breach of contract, wrongful foreclosure, and declaratory relief. Plaintiffs contend that the foreclosure and Trustee Sale of their property was without legal authority and is void. They seek a declaration that they are the lawful owners of the property as well as damages for the loss of their home and emotional distress. Defendant Regional Trustee Services Corporation moves to dismiss plaintiffs' claims against it

1   - OPINION AND ORDER

for failure to state a claim. The motion is granted, in part.

BACKGROUND

Plaintiffs allege the following facts in their First Amended Complaint.

On or about December 12, 2006, plaintiffs entered into a mortgage agreement with lender IndyMac Bank, F.S.B (IndyMac). The agreement was secured by a Deed of Trust to the property located at 26947 Petzold Rd. Eugene, Oregon. The Deed of Trust identified plaintiffs as the borrower, IndyMac as the lender, First American Title Insurance Company as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) "as the nominee for IndyMac Bank, F.S.B as the beneficiary." First Am. Compl., ¶ 9; see also Regional's Request for Judicial Notice, Ex. 1, p. 2 (Deed of Trust identifying MERS as "acting solely as a nominee for Lender and Lender's successors and assigns").

On or about September 2009, plaintiffs contacted IndyMac about obtaining a loan modification. Plaintiffs submitted documents and other information as requested and followed up with telephone inquiries approximately every three weeks.

On October 8, 2009, IndyMac recorded an Assignment of Deed of Trust and assigned its beneficial interest to defendant OneWest Bank, F.S.B. The document was signed by Brian Burnett as an authorized signatory for MERS, as nominee for IndyMac. On October 8, 2009, an Appointment of Successor Trustee was also recorded

2   - OPINION AND ORDER

naming defendant Regional Trustee Services Corporation (Regional) as the successor trustee. The document was signed by Brian Burnett as an authorized signatory for OneWest Bank, FSB.

In November 2009, plaintiffs' request for modification was denied.

Subsequently, Regional recorded a Notice of Default and Election to Sell plaintiffs' property.

On or about April 2010, plaintiffs submitted a new loan modification application and supporting documents to IndyMac.

On or about April 15, 2010, plaintiffs received a Notice of Sale indicating that IndyMac and Regional planned to sell plaintiffs' property on August 16, 2010 through a trustee sale.

On or about August 14, 2010, plaintiffs called IndyMac and were told that the foreclosure sale "had been put on hold" and that no date for the trustee sale was scheduled due to the pending modification application.

Plaintiff Dustin Rinehart continued to contact IndyMac to determine whether additional information was needed to support plaintiff's modification application. IndyMac's representative stated that the modification application was complete except for a recent pay stub and updated tax information. Plaintiffs promptly submitted those items by facsimile and were instructed to wait seventy-two hours before contacting IndyMac.

Plaintiff Dustin Rinehart called IndyMac at the end of August

and again was informed that the trustee sale was not scheduled.

Plaintiffs continued to monitor the status of their modification application on IndyMac's website. The website did not indicate a problem with the application or a pending foreclosure sale.

On September 16, 2010, Regional sold plaintiffs' property via trustee sale. Defendant Federal National Mortgage Association was the successful bidder for the property.

On October 12, 2010, plaintiffs filed this action. Plaintiffs allege breach of contract and wrongful disclosure against One West Bank and Regional and declaratory relief against all defendants. Plaintiffs contend that the Deed of Trust could not be foreclosed through a trustee sale because the beneficiaries of the loan were improperly named in the Deed of Trust and assignments of beneficial interest in the property were not recorded. Plaintiffs also allege that they did not breach any condition or performance under the loan to authorize foreclosure or sale of the property.

STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. Id. Thus, "for a complaint to survive a

motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

## DISCUSSION

Regional argues that plaintiffs cannot sustain a breach of contract claim against it, because Regional had no contractual relationship with plaintiffs pursuant to the Deed of Trust. I agree.

In their breach of contract claim against Regional, plaintiffs allege that the "lender" may invoke remedies permitted by applicable law pursuant to the Deed of Trust, and that defendants ignored such terms. First. Am. Compl., ¶¶ 31, 32. However, plaintiffs identify no contractual provision relevant to Regional as the successor trustee or any contractual duty owed to plaintiffs that was breached by Regional. In response to Regional's motion, plaintiffs simply maintain that Regional was a party to the Deed of

5    - OPINION AND ORDER

Trust by virtue of its assignment as successor trustee. Pls.' Resp., pp. 2-3. However, the fact that Regional is the successor trustee under the Deed of Trust does not state a claim for breach of contract. Accordingly, Regional's motion is granted as to this claim.

Regional also moves for dismissal of plaintiffs' claims alleging wrongful foreclosure and declaratory relief. However, I agree with plaintiffs they sufficiently state claims for relief against Regional. Plaintiffs allege that 1) assignments of beneficial interest in their property remained unrecorded at the time of the trustee sale, 2) the appointment of Regional as the successor trustee was invalid, and 3) plaintiffs breached no conditions to warrant foreclosure and sale of their property. See Or. Rev. Stat. § 86.735(1),(2); First. Am. Compl. ¶¶ 38, 40.

Regional emphasizes that it bears no responsibility for unrecorded assignments of beneficial interest, and that it has no interest in the subject property now that the foreclosure proceeding has concluded. However, under Oregon law, the trustee is a necessary party to any action regarding the validity of a trustee sale. Or. Rev. Stat. § 86.790(4). Absent Oregon authority to the contrary, I am not inclined to construe the statute as applicable to only pending foreclosure sales.

At this stage of the proceedings I must accept plaintiffs' factual allegations as true and construe all reasonable inferences

6   - OPINION AND ORDER

in their favor. So construed, I find that plaintiffs allege plausible claims for wrongful foreclosure and declaratory relief regarding the validity of the trustee sale.

## CONCLUSION

Regional's Motion to Dismiss (doc. 28) is GRANTED with respect to plaintiff's breach of contract claim alleged in plaintiff's First Claim for Relief, Count II and DENIED with respect to plaintiff's Second and Third Claims for Relief. Plaintiffs' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 31st day of March, 2011.

_____
Ann Aiken
United States District Judge

7    - OPINION AND ORDER