IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DUSTIN R. RINEHART AND<br>STACEY RINEHART,<br><br>           Plaintiffs,<br><br>     v.<br><br>ONEWEST BANK, FSB, a California<br>headquartered federal savings<br>bank, REGIONAL TRUSTEE SERVICES<br>CORPORATION, a Washington<br>corporation, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION INC.,<br>a Delaware corporation,<br><br>           Defendants. | Civ. No. 6:10-cv-6331-AA<br>OPINION AND ORDER |

AIKEN, Chief Judge:

Plaintiffs filed suit alleging breach of contract and wrongful foreclosure arising from the nonjudicial foreclosure of their property in September 2010. Plaintiffs contend that defendants were estopped from pursuing foreclosure and that the trustee sale of their property was without legal authority and void under the

1   - OPINION AND ORDER

Oregon Trust Deed Act (OTDA). Plaintiffs seek damages and a declaration that they are the lawful owners of the property.

Defendants moved for summary judgment on plaintiffs' claims. On May 8, 2012, the court issued an Opinion and Order granting defendants' motion in part and staying plaintiffs' remaining claims pending the Oregon Supreme Court's decision regarding questions certified by this court. See Brandrup v. ReconTrust Co., Civ. No. 3:11-cv-1390-HZ (D. Or. Apr. 2, 2012) (doc. 20). The Oregon Supreme Court since accepted certification of these questions involving the OTDA.

Defendants Federal National Mortgage Association (Fannie Mae) and OneWest Bank now move for reconsideration of the stay. Defendants argue that the court's stay of the case permits "plaintiffs to retain the property that they no longer own **at no charge**, to the obvious detriment of the current owner," which is Fannie Mae. Defs.' Mem. in Supp. at 2. Thus, defendants request that the court lift the stay or order plaintiffs to make monthly payments in accordance with their loan contract for the property.

However, plaintiffs have not sought, requested, or obtained an order from this court enjoining Fannie Mae from enforcing its right to take possession of the property pursuant to the foreclosure action; in fact, plaintiffs have not sought any type of injunction against defendants. Instead, plaintiffs seek damages and a declaration that the nonjudicial foreclosure is void.

2     - OPINION AND ORDER

Likewise, none of the court's orders of record grant plaintiffs preliminary injunctive relief or otherwise prevent defendants from taking action with respect to the property. The court's order of May 3, 2012 simply stayed the claims raised in this case; it did not enjoin defendants from taking any particular action. See Op. & Order at 11 (doc. 76). Moreover, in their motion for summary judgment, defendants did not raise these issues or request the relief they now seek if the court allowed plaintiffs' claims to proceed. See, e.g., Defs.' Mem in Supp. at 20 (doc. 55) ("Finally, even if the Court were to allow plaintiffs' breach of contract and wrongful foreclosure claims to go forward, plaintiffs are not entitled to recover emotional distress damages."). Further, defendants did not raise any issue of hardship until months after the stay was issued. Thus, to the extent defendants contend that this court has prevented Fannie Mae from asserting its ownership rights, the record does not support that contention.

Finally, I disagree with defendants' assertion that resolution of the certified questions will have no bearing on plaintiffs' claims, particularly with respect to the role of MERS in this case. Otherwise, I would not have issued a stay in the first place.

In sum, while I recognize and appreciate defendants' dilemma, I am not inclined to lift the stay or impose monetary requirements on plaintiffs when they have neither sought nor obtained injunctive relief against defendants. If the parties misunderstood the court's

3    - OPINION AND ORDER

order, I now clarify that the order of stay pertains solely to the resolution of claims alleged by plaintiffs in this case. If Fannie Mae decides to assert its current ownership rights with respect to the property and plaintiffs move to prevent it from doing so, an appropriate basis would exist for consideration of the relief sought by defendants.

Accordingly, defendants' Motion for Reconsideration of the Stay (doc. 79) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of April, 2013.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge